# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY HARDING,

        Petitioner,

v.                         Case No. 26-CV-323

DALE J. SCHMIDT,[1]

        Respondent.

# ORDER

Anthony Harding, a citizen of the United Kingdom who has lived in the United States for 28 years, was arrested by Immigration and Customs Enforcement (ICE) officials on October 30, 2025. (ECF No. 1, ¶¶ 1-2.) He has remained in ICE custody ever since.

Although Harding remains in custody, ICE has taken no further action. (ECF No. 1, ¶ 3.) Harding filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.)

---

[1] The petitioner named various federal officials as respondents. The only proper respondent in a habeas petition is the petitioner's immediate custodian, which for the Dodge Detention Facility is the Dodge County Sheriff. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Rule 2(a), Rules Governing Section 2254 Cases. The Clerk shall update the caption accordingly. The court acknowledges that the absence of a federal official as a party presents certain difficulties and impracticalities but finds itself limited by the clear authority limiting who may be named as a respondent in a habeas petition.

The court applies the Rules Governing Section 2254 Cases to petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must screen the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2) (E.D. Wis.).

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly, the respondent shall answer the petition.

The petitioner, relying in part on 28 U.S.C. § 2243, seeks resolution on an expedited basis. However, the Rules Governing Section 2254 Cases supersede the deadlines set forth in 28 U.S.C. § 2243, and thus the court has wide discretion in setting a schedule for the resolution of the petition. *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013).

Within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter. Absent further order of the court, the court will resolve the petition on the written submissions.

**IT IS THEREFORE ORDERED** that Dale J. Schmidt is substituted as the respondent. All other individuals and entities named by the petitioner are dismissed.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondent.

**IT IS THEREFORE ORDERED** that within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter.

Dated at Green Bay, Wisconsin this 27th day of February, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge
