# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY HARDING,**

    **Petitioner,**

 **v.**        **Case No. 26-CV-323**

**DALE J. SCHMIDT,**

    **Respondent.**

## DECISION AND ORDER

Anothony Harding is a citizen of the United Kingdon. (ECF No. 1, ¶ 1.) He has been living in the United States for 28 years. (ECF No. 1, ¶ 1.) He was arrested by Immigration and Customs Enforcement (ICE) on October 30, 2025, during an immigration sweep of cab drivers at Chicago's O'Hare airport. (ECF No. 1, ¶ 2)

On February 25, 2026, Harding filed a petition for a writ of habeas corpus. He alleged that, although he remained detained, immigration officials had not taken any administrative action against him. (ECF No. 1, ¶ 3.)

The court has jurisdiction under 28 U.S.C. § 2241. The limitation contained in 8 U.S.C. § 1252(g) does not apply. *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155 (S.D. Cal. 2025).

The respondent answered the petition. (ECF No. 4.) The respondent states that, because Harding entered the United States under the visa waiver program, he

has waived the right to challenge his removal on any grounds other than asylum. (ECF No. 4 at 1-2 (quoting *Ferreyra v. Barr*, 962 F.3d 331, 334 (7th Cir. 2020); citing 8 U.S.C. § 1187(a)-(b)). ICE officials served Harding with a Final Administrative Removal Order on November 1, 2025. (ECF No. 4 at 3.) This triggered the 90-day statutory removal period during which Harding must be detained. (ECF No. 4 at 3 (citing 8 U.S.C. § 1231(a)-(b))); 8 U.S.C. § 1231(a)(2)(A). The respondent argues that Harding's detention is presumptively valid because it has not yet exceeded the six-months that the Supreme Court found to be presumptively reasonable in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (ECF No. 4 at 3.)

There are three relevant periods: (1) the 90-day removal period during which the person must be detained, 8 U.S.C. § 1231(a)(3); (2) the period after the 90-day removal period during which a person may be detained under certain circumstances, 8 U.S.C. § 1231(a)(6); and (3) the period that starts six months after the end of the removal period during which the person's continued detention is presumptively unreasonable, *Zadvydas*, 533 U.S. at 701.

The respondent skipped over the second category, but this is the category into which Harding falls. The mandatory detention period ended on January 30, 2026, when the 90-day removal period expired. His post-removal period detention has not lasted more than six months, and therefore his detention is not so protracted so as to be presumptively unreasonable. *Zadvydas*, 533 U.S. at 701. But the length of detention is immaterial because the respondent has not shown that Harding is properly detained in the first place. A person may be detained, but only under specific

circumstances. *See* 8 U.S.C. § 1231(a)(6); *Hussain v. Mukasey*, 510 F.3d 739, 742 (7th Cir. 2007).

To ensure that the court was not missing some alternative basis for Harding's detention, the court held oral argument. At that hearing, the Assistant United States Attorney who appeared on behalf of the government as an interested party[1] conceded that Harding is not subject to detention under 8 U.S.C. § 1231(a)(6). The government offered no other explanation for Harding's continued detention. In other words, it is undisputed that, following the expiration of the 90-day mandatory detention period on January 30, 2026, Harding's continued detention has been in violation of federal law explicitly requiring his release on supervision. 8 U.S.C. § 1231(a)(3). The government has simply not complied with the law to conduct the review required under 8 C.F.R. § 241.4.

There being no dispute that Harding "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), his petition for a writ of habeas corpus is **GRANTED**. The respondent shall release Harding **forthwith**.

In accordance with 8 U.S.C. § 1231(a)(3), the court orders Harding to comply with the following conditions of supervision:

---

[1] The only proper respondent is the official having custody of the petitioner, which in this case is the Dodge County Sheriff. The United States Attorney's Office cannot represent a state official, but it is the decisions of the executive branch of the federal government that are dictating the petitioner's custody. Therefore, it has become the standard practice in this court to have the sheriff appear by county corporation counsel but to allow the United States Attorney's Office to appear as an interested party.

(A) to appear before an immigration officer periodically for identification;

(B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;

(C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

(D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

In no event shall any additional condition result in Harding's continued incarceration.

The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 27th day of March, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
